NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MARIA HUERTA-PIMENTEL, | No. 16-70894 |
| Petitioner, | Agency No. A041-326-873 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges.

Jose Maria Huerta-Pimentel, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Luna v. Holder*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

659 F.3d 753, 758 (9th Cir. 2011). We deny the petition for review.

The BIA did not abuse its discretion in denying as untimely Huerta-Pimentel's motion to reopen to seek a waiver under former 8 U.S.C. § 1182(c), where it was filed more than 18 years after his final administrative order and more than 10 years after the deadline for special motions to reopen to seek such relief. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed 90 days after a final administrative order); 8 C.F.R. § 1003.44(h) (special motions to reopen to seek a waiver under former 8 U.S.C. § 1182(c) must be filed by April 26, 2005). The BIA did not abuse its discretion in determining Huerta-Pimentel had not shown the requisite due diligence for equitable tolling of the filing deadline, where the record shows he did not file his motion within 90 days of consulting with his attorney and discovering the "vital information bearing on the existence of his claim." *See Avagyan v. Holder*, 646 F.3d 672, 679, 682 (9th Cir. 2011) (citations omitted) (listing factors to determine whether an alien has acted with due diligence; a motion is timely filed if it is filed within 90 days of obtaining the vital information bearing on the existence of the claim).

Contrary to Huerta-Pimentel's contention, the BIA sufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Because the timeliness determination is dispositive, we do not, and the BIA was not required to, address Huerta-Pimentel's remaining contentions regarding

the change in law. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**